WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ─────────────────────────────────────────x | |
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| ─────────────────────────────────────────x | |
| LEHMAN BROTHERS SPECIAL FINANCING INC. | |
| Plaintiff, | |
| -against- | Adv. Proc. No. |
| | 10-03542 (JMP) |
| U.S. BANK NATIONAL ASSOCIATION, BANK OF AMERICA NATIONAL ASSOCIATION, DEUTSCHE BANK TRUST COMPANY AMERICAS, THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION, WELLS FARGO BANK NATIONAL ASSOCIATION, and DEFENDANTS IDENTIFIED ON SCHEDULE 1, | |
| Trustee Defendants, | |
| -and- | |
| AIRLIE CDO I, CORP., AIRLIE CDO I, LTD., AIRLIE LCDO I (AVIV LCDO 2006-3), CORP, AIRLIE LCDO I (AVIV LCDO 2006-3), LTD., AIRLIE LCDO II (PEBBLE CREEK 2007-1), CORP., AIRLIE LCDO II (PEBBLE CREEK 2007-1), LTD., AVIV LCDO 2006-1, CORP., AVIV LCDO 2006-1, LTD., AVIV LCDO 2006-2, CORP., AVIV LCDO 2006-2, LTD., BALBOA CDO I, CORP., BALBOA CDO I, LTD., BELLE HAVEN ABS CDO | |

2005-1, LLC, BELLE HAVEN ABS CDO 2005-1, LTD., : BELLE HAVEN ABS CDO 2006-1, LLC, BELLE : HAVEN ABS CDO 2006-1, LTD., EXUM RIDGE CBO : 2006-1, CORP., EXUM RIDGE CBO 2006-1, LTD., : EXUM RIDGE CBO 2006-2, CORP., EXUM RIDGE : CBO 2006-2, LTD., EXUM RIDGE CBO 2006-4, CORP., : EXUM RIDGE CBO 2006-4, LTD., EXUM RIDGE CBO : 2006-5, CORP., EXUM RIDGE CBO 2006-5, LTD., : EXUM RIDGE CBO 2007-1, CORP., EXUM RIDGE : CBO 2007-1, LTD., EXUM RIDGE CBO 2007-2, CORP., : EXUM RIDGE CBO 2007-2, LTD., GEMSTONE CDO VI : CORP., GEMSTONE CDO VI LTD., GREYSTONE CDO : SERIES 2008-4 LLC, GREYSTONE CDO SPC, FOR : THE ACCOUNT OF THE SERIES 2008-4 : SEGREGATED PORTFOLIO, PEBBLE CREEK LCDO : 2006-1, CORP., PEBBLE CREEK LCDO 2006-1, LTD., : PEBBLE CREEK LCDO 2007-3, LLC, PEBBLE CREEK : LCDO 2007-3, LTD., RACE POINT IV CLO, LTD., : RESTRUCTURED ASSET CERTIFICATES WITH : ENHANCED RETURNS, SERIES 2002-26 TRUST, : RESTRUCTURED ASSET CERTIFICATES WITH : ENHANCED RETURNS, SERIES 2006-18-C ABX-A06- : 1-I TRUST, RESTRUCTURED ASSET CERTIFICATES : WITH ENHANCED RETURNS, SERIES 2006-18-C : ABX-A06-1-II TRUST, RESTRUCTURED ASSET : CERTIFICATES WITH ENHANCED RETURNS, : SERIES 2006-18-C ABX-A06-1-III TRUST, : RESTRUCTURED ASSET CERTIFICATES WITH : ENHANCED RETURNS, SERIES 2006-18-C ABX-A06- : 2-I TRUST, RESTRUCTURED ASSET CERTIFICATES : WITH ENHANCED RETURNS, SERIES 2006-18-C : ABX-A06-2-II TRUST, RESTRUCTURED ASSET : CERTIFICATES WITH ENHANCED RETURNS, : SERIES 2006-18-C ABX-A06-2-III TRUST, : RESTRUCTURED ASSET CERTIFICATES WITH : ENHANCED RETURNS, SERIES 2006-20AT TRUST, : SGS HY CREDIT FUND I (EXUM RIDGE CBO 2006-3), : LTD., STOWE CDO LLC, STOWE CDO SPC, FOR THE : ACCOUNT OF THE SERIES 2008-1 SEGREGATED : PORTFOLIO, TRADEWINDS II CDO SERIES 2006-1 : LLC, TRADEWINDS II CDO SPC, FOR THE : ACCOUNT OF THE SERIES 2006-1 SEGREGATED : PORTFOLIO, WHITE MARLIN CDO 2007-1, CORP., : WHITE MARLIN CDO 2007-1, LTD., :
:
                Issuer Defendants.  :
_____x

US_ACTIVE:\44298185\1\58399.0011

NOTICE OF ENTRY OF ORDER EXTENDING
STAY OF AVOIDANCE ACTIONS AND GRANTING
CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

**PLEASE TAKE NOTICE** that on July 18, 2013, the Court entered the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)* **[Case No. 08-13555; ECF No. 38806]** (the "Order").  A copy of the Order is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order, this adversary proceeding has been stayed, which stay may be modified as set forth in the Order.

**PLEASE TAKE FURTHER NOTICE** that, during the effectiveness of the stay, no response or answer to the complaint (the "Complaint") in the above-captioned adversary proceeding is required.

**PLEASE TAKE FURTHER NOTICE** that, unless the stay is extended by order of the Court or as otherwise agreed by the parties, **YOU ARE REQUIRED TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT BY THE LATER OF MARCH 5, 2014, OR, IF SUCH COMPLAINT IS AMENDED OR FURTHER AMENDED, 30 DAYS AFTER THE DATE OF THE FILING OF ANY SUCH AMENDED COMPLAINT OR FURTHER AMENDED COMPLAINT**, as applicable; *provided*, *however*, that if the stay is lifted by (i) the Plan Administrator's filing and service of a notice of intention to prosecute this adversary proceeding or (ii) the Court's entry of an order modifying the stay over this adversary proceeding, then you are required to answer or otherwise respond to the Complaint within 30 days after the date of, as applicable, service of a notice of intention to prosecute this adversary

proceeding or the Court's order modifying the stay over this adversary proceeding.

Dated: July 19, 2013
      New York, New York

    /s/ Jacqueline Marcus
    Jacqueline Marcus

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

# Exhibit A

**(Order Extending Stay of Avoidance Actions and Granting Related Relief)**

US_ACTIVE:\44298185\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                  :

In re                                            :         Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)
                                                  :
                        Debtors.                  :         (Jointly Administered)
                                                  :
                                                  :
------------------------------------------------------------x

### ORDER EXTENDING STAY OF AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated June 21, 2013 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, to extend the stay for each of the adversary proceedings identified on Exhibit A hereto and any other avoidance actions that may be commenced by the Plan Administrator under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code (collectively, the "Avoidance Actions") and to grant certain related relief, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order") the *Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763], the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated January 11, 2012 [ECF No. 24198], the *Order Extending Stay of Avoidance Actions Pursuant to Section 105(a) of the Bankruptcy Code*, dated July 18, 2012 [ECF No. 29506], the *Bridge Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated January 17, 2013 [ECF No. 33970], and the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated February 15, 2013 [ECF No. 34697] (together with the Initial Stay Order, the "Stay Orders"); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties who have requested notice in these chapter 11 cases; and (vi) each of the known and identified defendants to the Avoidance Actions or their agents or representatives (the "Avoidance Action Defendants"), except for Avoidance Action Defendants as to whom the respective Avoidance Action has been settled or dismissed, and it appearing that

no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and all objections and responses to the Motion having been overruled or withdrawn; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Stay imposed by the Stay Orders is hereby extended for a period of six (6) months to January 20, 2014, without prejudice to the ability of the Plan Administrator to request further extensions; and it is further

ORDERED that the Chapter 11 Estates shall have until January 20, 2014 to complete service of the Second Amended Complaint on each defendant in the Distributed Action, without prejudice to the ability of the Chapter 11 Estates to request further extensions; and it is further

ORDERED that, unless the Stay is extended by order of the Court or as otherwise agreed by the parties, each Avoidance Action Defendant shall be required to answer or otherwise respond to any Avoidance Action complaint by the later of March 5, 2014, or, if such complaint is amended or further amended, 30 days after the date of the filing of any such amended complaint or further amended complaint, as applicable; *provided*, *however*, that if the Stay is lifted by (i) the Plan Administrator's filing and service of a notice of intention to prosecute an Avoidance Action or (ii) the Court's entry of an order modifying the Stay over an Avoidance Action, then the applicable Avoidance Action Defendant shall be required to answer or otherwise respond to the Avoidance Action complaint within 30 days after the date of, as applicable,

service of a notice of intention to prosecute such Avoidance Action or the Court's order modifying the Stay over such Avoidance Action; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the Stay Orders shall remain unaltered and in full force and effect; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      July 18, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

# Exhibit A

**(Schedule of Pending Avoidance Actions)**

| **Adversary Proceeding No.** | **Adversary Proceeding** |
|---|---|
| 10-03542 (JMP) | Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, *et al*. |
| 10-03544 (JMP) | Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, *et al*. |
| 10-03545 (JMP) | Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, *et al*. |
| 10-03547 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of America National Association, *et al*. |
| 10-03548 (JMP) | Lehman Brothers Holdings Inc. v. AXA, S.A., *et al*. |
| 10-03552 (JMP) | Lehman Brothers Holdings Inc. v. Fragomen, Del Ray, Bernsen and Loewy, LLP |
| 10-03553 (JMP) | Lehman Brothers Holdings Inc. v. GMAC Mortgage Corporation |
| 10-03558 (JMP) | Lehman Brothers Holdings Inc. v. Earth Thebault Inc. |
| 10-03560 (JMP) | Lehman Brothers Holdings Inc. v. EMortgage Logic LLC |
| 10-03598 (JMP) | Lehman Brothers Holdings Inc. v. First American Residential Value View LLC |
| 10-03606 (JMP) | Lehman Brothers Holdings Inc. v. Stewart Lender Services |
| 10-03609 (JMP) | Lehman Brothers Holdings Inc. v. Deutsche Bank Trust Company Americas |
| 10-03809 (JMP) | Lehman Brothers Special Financing Inc. v. Wells Fargo Bank National Association, *et al*. |
| 10-03811 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of New York Mellon National Association |
| 11-01661 (JMP) | Lehman Brothers Holdings Inc. v. Bullet Communications Inc. |
| 12-01043 (JMP) | Lehman Brothers Holdings Inc. v. CitiMortgage, Inc. |

US_ACTIVE:\44295434\2\58399.0003