WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> LEHMAN BROTHERS HOLDINGS INC., *et al.* <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13555 (SCC) <br><br> (Jointly Administered) |
| LEHMAN BROTHERS SPECIAL FINANCING INC. <br><br> Plaintiff, <br><br> -against- <br><br> U.S. BANK NATIONAL ASSOCIATION, BANK OF AMERICA NATIONAL ASSOCIATION, DEUTSCHE BANK TRUST COMPANY AMERICAS, THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION, WELLS FARGO BANK NATIONAL ASSOCIATION, and DEFENDANTS IDENTIFIED ON SCHEDULE 1, <br><br> Trustee Defendants, <br><br> -and- <br><br> AIRLIE CDO I, CORP., AIRLIE CDO I, LTD., AIRLIE LCDO I (AVIV LCDO 2006-3), CORP, AIRLIE LCDO I (AVIV LCDO 2006-3), LTD., AIRLIE LCDO II (PEBBLE CREEK 2007-1), CORP., AIRLIE LCDO II (PEBBLE CREEK 2007-1), LTD., AVIV LCDO 2006-1, CORP., AVIV LCDO 2006-1, LTD., AVIV LCDO 2006-2, CORP., AVIV LCDO 2006-2, LTD., BALBOA CDO I, CORP., BALBOA CDO I, LTD., BELLE HAVEN ABS CDO | Adv. Proc. No. <br><br> 10-03542 (SCC) |

| | |
|---|---|
| 2005-1, LLC, BELLE HAVEN ABS CDO 2005-1, LTD., BELLE HAVEN ABS CDO 2006-1, LLC, BELLE HAVEN ABS CDO 2006-1, LTD., EXUM RIDGE CBO 2006-1, CORP., EXUM RIDGE CBO 2006-1, LTD., EXUM RIDGE CBO 2006-2, CORP., EXUM RIDGE CBO 2006-2, LTD., EXUM RIDGE CBO 2006-4, CORP., EXUM RIDGE CBO 2006-4, LTD., EXUM RIDGE CBO 2006-5, CORP., EXUM RIDGE CBO 2006-5, LTD., EXUM RIDGE CBO 2007-1, CORP., EXUM RIDGE CBO 2007-1, LTD., EXUM RIDGE CBO 2007-2, CORP., EXUM RIDGE CBO 2007-2, LTD., GEMSTONE CDO VI CORP., GEMSTONE CDO VI LTD., GREYSTONE CDO SERIES 2008-4 LLC, GREYSTONE CDO SPC, FOR THE ACCOUNT OF THE SERIES 2008-4 SEGREGATED PORTFOLIO, PEBBLE CREEK LCDO 2006-1, CORP., PEBBLE CREEK LCDO 2006-1, LTD., PEBBLE CREEK LCDO 2007-3, LLC, PEBBLE CREEK LCDO 2007-3, LTD., RACE POINT IV CLO, LTD., RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2002-26 TRUST, RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-1-I TRUST, RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-1-II TRUST, RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-1-III TRUST, RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-I TRUST, RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-II TRUST, RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-III TRUST, RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-20AT TRUST, SGS HY CREDIT FUND I (EXUM RIDGE CBO 2006-3), LTD., STOWE CDO LLC, STOWE CDO SPC, FOR THE ACCOUNT OF THE SERIES 2008-1 SEGREGATED PORTFOLIO, TRADEWINDS II CDO SERIES 2006-1 LLC, TRADEWINDS II CDO SPC, FOR THE ACCOUNT OF THE SERIES 2006-1 SEGREGATED PORTFOLIO, WHITE MARLIN CDO 2007-1, CORP., WHITE MARLIN CDO 2007-1, LTD., | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : |
| Issuer Defendants. | : |
| _____x | |

2

# NOTICE OF ENTRY OF ORDER EXTENDING
# STAY OF AVOIDANCE ACTIONS AND GRANTING
# CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a)
# OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

**PLEASE TAKE NOTICE** that on January 31, 2014, the Court entered the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)* **[Case No. 08-13555; ECF No. 42417]** (the "Order"). A copy of the Order is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order, this adversary proceeding has been stayed, which stay may be modified as set forth in the Order.

**PLEASE TAKE FURTHER NOTICE** that, during the effectiveness of the stay, no response or answer to the complaint (the "Complaint") in the above-captioned adversary proceeding is required.

**PLEASE TAKE FURTHER NOTICE** that, **EXCEPT TO THE EXTENT PROVIDED IN ANY SCHEDULING ORDER GOVERNING THIS ADVERSARY PROCEEDING** or as otherwise agreed by the parties, **YOU ARE REQUIRED TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT BY THE LATER OF JULY 5, 2014, OR IF SUCH COMPLAINT IS AMENDED OR FURTHER AMENDED, 30 DAYS AFTER THE DATE OF THE FILING OF ANY SUCH AMENDED COMPLAINT OR FURTHER AMENDED COMPLAINT**, as applicable; *provided*, *however*, that if the stay is lifted by (i) the Plan Administrator's filing and service of a notice of intention to prosecute this adversary proceeding or (ii) the Court's entry of an order modifying the stay over this adversary proceeding, then you are required to answer or otherwise respond to the Complaint within 30 days after the date of, as applicable, service of a notice of intention to prosecute this adversary

3

proceeding or the Court's order modifying the stay over this adversary proceeding.

Dated: February 4, 2014
      New York, New York

                /s/ Jacqueline Marcus
                Jacqueline Marcus

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Lehman Brothers Holdings Inc.
                and Certain of Its Affiliates

# Exhibit A

**(Order Extending Stay of Avoidance Actions and Granting Related Relief)**

US_ACTIVE:\44420478\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
-----------------------------------------------------------------x

### ORDER EXTENDING STAY OF AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated January 10, 2014 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, to extend the stay for each of the adversary proceedings identified on Exhibit A hereto and any other avoidance actions that may be commenced by the Plan Administrator under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code (collectively, the "Avoidance Actions") and to grant certain related relief, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order"), the *Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763], the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated January 11, 2012 [ECF No. 24198], the *Order Extending Stay of Avoidance Actions Pursuant to Section 105(a) of the Bankruptcy Code*, dated July 18, 2012 [ECF No. 29506], the *Bridge Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated January 17, 2013 [ECF No. 33970], the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated February 15, 2013 [ECF No. 34697], the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated July 18, 2013 [ECF No. 38806], and the *Bridge Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated January 15, 2014 [ECF No. 42081] (together with the Initial Stay Order, the "Stay Orders"); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service;

(iv) the United States Attorney for the Southern District of New York; (v) all parties who have requested notice in these chapter 11 cases; and (vi) each of the known and identified defendants to the Avoidance Actions or their agents or representatives (the "Avoidance Action Defendants"), except for Avoidance Action Defendants as to whom the respective Avoidance Action has been settled or dismissed, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that the Stay imposed by the Stay Orders is hereby extended to the later of (i) May 20, 2014 or (ii) thirty (30) days after the date on which the Court enters a scheduling order governing the Distributed Action (the "Distributed Action Scheduling Order"); and it is further

ORDERED that the Chapter 11 Estates shall have until May 20, 2014 to complete service of the Second Amended Complaint on each defendant in the Distributed Action, without prejudice to the ability of the Chapter 11 Estates to request further extensions; and it is further

ORDERED that, except to the extent provided in, as applicable, the Distributed Action Scheduling Order or any scheduling order governing the Non-Distributed Actions or as otherwise agreed by the parties, each Avoidance Action Defendant shall be required to answer or otherwise respond to any Avoidance Action complaint by the later of July 5, 2014, or, if such

complaint is amended or further amended, 30 days after the date of the filing of any such amended complaint or further amended complaint, as applicable; *provided, however*, that if the Stay is lifted by (i) the Plan Administrator's filing and service of a notice of intention to prosecute an Avoidance Action or (ii) the Court's entry of an order modifying the Stay over an Avoidance Action, then the applicable Avoidance Action Defendant shall be required to answer or otherwise respond to the Avoidance Action complaint within 30 days after the date of, as applicable, service of a notice of intention to prosecute such Avoidance Action or the Court's order modifying the Stay over such Avoidance Action; and it is further

ORDERED that the Chapter 11 Estates shall file a [Proposed] Distributed Action Scheduling Order on or before February 19, 2014; and it is further

ORDERED that the Chapter 11 Estates and defendants in the SPV Avoidance Actions shall meet and confer during the period between February 19, 2014 and March 19, 2014 to discuss the proposed Distributed Action Scheduling Order; *provided*, *however*, that no defendant in the SPV Avoidance Actions shall be required to participate in any meet and confer; and it is further

ORDERED that the Chapter 11 Estates shall file any changes to the proposed Distributed Action Scheduling Order on or before March 24, 2014; and it is further

ORDERED that any defendant in an SPV Avoidance Action shall file a response to the proposed Distributed Action Scheduling Order on or before April 14, 2014 (a "Response"); and it is further

ORDERED that the Chapter 11 Estates shall file a reply to any Response on or before May 5, 2014; and it is further

ORDERED that the proposed Distributed Action Scheduling Order shall be addressed at the May 2014 omnibus hearing, subject to any adjournment of the hearing ordered by the Court; and it is further

ORDERED that nothing contained in this Order shall constitute a determination of any issues with respect to the content of a litigation protocol for the SPV Avoidance Actions, including the order in which issues are to be addressed, and the rights of all parties with respect to such issues are preserved; and it is further

ORDERED that nothing in this Order, or a defendant's participation in any meet and confer hereunder, shall constitute an admission or consent or shall otherwise prejudice any such defendant with respect to any constitutional issues (including *Stern v. Marshall*), any potential motion to withdraw the reference, or any subject-matter or personal jurisdictional issues in connection with the SPV Avoidance Actions; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the Stay Orders shall remain unaltered and in full force and effect; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
January 31, 2014



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

# Exhibit A

**(Schedule of Pending Avoidance Actions)**

| **Adversary Proceeding No.** | **Adversary Proceeding** |
|---|---|
| 10-03542 (JMP) | Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, *et al*. |
| 10-03544 (JMP) | Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, *et al*. |
| 10-03545 (JMP) | Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, *et al*. |
| 10-03547 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of America National Association, *et al*. |
| 10-03548 (JMP) | Lehman Brothers Holdings Inc. v. AXA, S.A., *et al*. |
| 10-03552 (JMP) | Lehman Brothers Holdings Inc. v. Fragomen, Del Ray, Bernsen and Loewy, LLP |
| 10-03553 (JMP) | Lehman Brothers Holdings Inc. v. GMAC Mortgage Corporation |
| 10-03558 (JMP) | Lehman Brothers Holdings Inc. v. Earth Thebault Inc. |
| 10-03560 (JMP) | Lehman Brothers Holdings Inc. v. EMortgage Logic LLC |
| 10-03598 (JMP) | Lehman Brothers Holdings Inc. v. First American Residential Value View LLC |
| 10-03606 (JMP) | Lehman Brothers Holdings Inc. v. Stewart Lender Services |
| 10-03609 (JMP) | Lehman Brothers Holdings Inc. v. Deutsche Bank Trust Company Americas |
| 10-03809 (JMP) | Lehman Brothers Special Financing Inc. v. Wells Fargo Bank National Association, *et al*. |
| 10-03811 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of New York Mellon National Association |
| 11-01661 (JMP) | Lehman Brothers Holdings Inc. v. Bullet Communications Inc. |
| 12-01043 (JMP) | Lehman Brothers Holdings Inc. v. CitiMortgage, Inc. |